NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

VICTOR JULIO GONZALEZ, *Appellant.*

No. 1 CA-CR 15-0594
FILED 3-8-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-436733-001
The Honorable Charles Donofrio, III, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Victor Julio Gonzalez has advised us that she has been unable to discover any arguable questions of law after searching the entire record and has filed a brief requesting us to conduct an *Anders* review of the record. Gonzalez did not take the opportunity to file a supplemental brief.

**FACTS**[1]

¶2        This in an appeal from a probation violation. Gonzalez was originally charged with possession of dangerous drugs for sale, possession of drug paraphernalia and criminal trespass. He pled guilty to conspiracy to commit possession of dangerous drugs for sale and criminal trespass, and was placed on probation on both counts. He subsequently admitted violating probation in 2014 and 2015.

¶3        Gonzalez's probation officer filed another petition to revoke his probation on May 8, 2015, which was later supplemented, alleging he escaped, absconded, and did not remain in the county jail by failing to return to the jail after his work furlough release. Gonzalez denied the allegations. There was a witness hearing, and the court found by a preponderance of the evidence that he absconded and did not remain in the county jail on April 29, 2015. Gonzalez was sentenced to five years in prison for conspiracy to commit possession of dangerous drugs for sale (with 194 days of presentence incarceration credit) and a concurrent year for criminal trespass (with 293 days of presentence incarceration credit).

¶4        We have jurisdiction over Gonzalez's appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

[2] We cite the current version of the applicable statutes absent changes material to this decision.

**DISCUSSION**

¶5  We have read and considered the opening brief. We have searched the entire record for reversible error related to the May 2015 probation violation petition and the subsequent hearing, the finding that Gonzalez violated probation, and the sentences. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶6  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Gonzalez was represented by counsel at all stages of the proceedings, and the sentences imposed were within the statutory limits.

¶7  After this decision is filed, counsel's obligation to represent Gonzales in this appeal has ended. Counsel must only inform him of the status of the appeal and his future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Gonzalez may, if he desires, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

**CONCLUSION**

¶8  Accordingly, we affirm Gonzalez's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama